IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 26-cv-00618-PAB

BINOR GOYTOM ADEM,

    Petitioner,

v.

KRISTI NOEM, Secretary of Homeland Security in her official capacity, et al.,

    Respondents.

## ORDER

This matter comes before the Court on petitioner Binor Goytom Adem's Petition for Writ of Habeas Corpus [Docket No. 1]. Respondents filed a response. Docket No. 14.

### I. BACKGROUND[1]

Petitioner is a citizen and native of Ethiopia who entered the United States on or about July 10, 2023 without inspection or admission. Docket No. 1 at 11, ¶ 37. Shortly after entry, petitioner was encountered by immigration officials near San Ysidro, California. *Id.*, ¶ 38. Immigration officials issued petitioner a Notice to Appear, placed him in removal proceedings under 8 U.S.C. § 1229(a), and released him. *Id.* Petitioner filed an application for asylum on April 18, 2024. *Id.*, ¶ 39. On December 5, 2025, petitioner attended his regular check-in with Immigration and Customs Enforcement

---

[1] The following facts are taken from the petition. Docket No. 1. Respondents have not disputed any facts and do not provide any facts of their own. *See generally* Docket No. 14.

("ICE") and was taken into custody without previous notice or warning. *Id.*, ¶ 41. On January 13, 2026, the immigration judge ordered petitioner's removal. *Id.* at 12, ¶ 43. Petitioner filed an appeal before the Board of Immigration Appeals that remains pending. *Id.* Petitioner is being detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.*, ¶ 42. Petitioner has not been afforded a bond hearing. *Id.* at 1-2.

On February 17, 2026, petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *Id.* Petitioner brings a claim for violation of the Immigration and Nationality Act ("INA"), alleging that respondents are not adhering to the requirements of 8 U.S.C. §§ 1225 and 1226 (Claim One); and a claim for violation of due process (Claim Two). *Id.* at 14-17. Petitioner asks the Court to enjoin his transfer outside this district while his petition is pending, enjoin respondents from holding petitioner subject to 8 U.S.C. § 1225, enjoin petitioner from re-detaining petitioner subject to 8 U.S.C. § 1225, and order petitioner's immediate release from custody. *Id.* at 17. In the alternative to release, petitioner requests a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days and that the Court order respondents "to release Petitioner forthwith upon payment of the bond as ordered by the Immigration Judge." *Id.* Petitioner seeks "costs of suit." *Id.*

## II. ANALYSIS

The parties disagree on whether petitioner's detention is governed by 8 U.S.C. § 1226 or 8 U.S.C. § 1225. *Id.* at 1-2; Docket No. 14 at 3-4. Petitioner contends that his detention should be controlled by 8 U.S.C. § 1226(a) because § 1226(a) applies to the detention of noncitizens, like petitioner, who is not an "applicant for admission seeking admission" or "arriving alien." *Id.* at 14, ¶ 48. Because he believes that § 1226

applies, petitioner argues that respondents must provide him with a bond hearing.  *See id*.  Respondents, however, contend that 8 U.S.C. § 1225(b)(2)(A) applies to noncitizens like petitioner who are "present in the United States and have not been admitted." Docket No. 14 at 3-4.  Respondents claim that petitioner is therefore not entitled to a bond hearing and is subject to mandatory detention.  *Id.*

On several occasions, this Court has analyzed whether § 1225 or § 1226 applies to petitioners who were detained when already present in the United States without inspection and who face removal proceedings.  *See, e.g.*, *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-PAB, 2026 WL 290989, at *2 (D. Colo. Feb. 4, 2026); *Armenta v. Noem*, No. 26-cv-00236-PAB, 2026 WL 274634, at *1-5 (D. Colo. Feb. 3, 2026); *Portillo Martinez v. Baltazar*, No. 26-cv-00106-PAB, 2026 WL 194163, at *2-5 (D. Colo. Jan. 26, 2026); *Garcia-Perez v. Guadian*, No. 25-cv-04069-PAB, 2026 WL 89613, at *2-4 (D. Colo. Jan. 13, 2026); *Alfaro Orellana v. Noem*, No. 25-cv-03976-PAB, 2025 WL 3706417, at *2-4 (D. Colo. Dec. 22, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019, at *1-4 (D. Colo. Dec. 18, 2025).  Each time, the Court has ruled that the petitioner's detention is governed by § 1226.  *Id.*

Respondents acknowledge that the Court has previously analyzed this issue, conceding "the facts of this case are not materially distinguishable . . . for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  Docket No. 14 at 4.  Respondents state that they submit an abbreviated response "to conserve resources and expedite this Court's consideration of this case, while preserving legal arguments and reserving all of Respondent's rights including the right to appeal."  *Id.* at 3.  Respondents note that a

decision in this district rejecting respondents' position has been appealed to the Tenth Circuit.  *Id.* at 4 (citing *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2025).  "Respondents acknowledge that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from the case for the purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)."  *Id*.  Respondents incorporate by reference the legal arguments that respondents presented in *Mendoza Gutierrez*, the case which was appealed to the Tenth Circuit.[2]  *Id.* at 4-5.

The Court has analyzed the response that was submitted in *Mendoza Gutierrez*.  *See Mendoza Gutierrez*, No. 25-cv-02720-RMR, Docket No. 26 (D. Colo. Sept. 16, 2025).  Not finding any additional relevant arguments that the Court has not already addressed in its past orders on this issue, the Court will grant the habeas petition for the same reasons as it did in *Alfaro Orellana*, which respondents acknowledge does not materially differ from the present case.  Docket No. 14 at 3.  Because there is no evidence that petitioner has been provided a bond hearing, his current detention violates § 1226(a).  The Court will grant the habeas petition on Count One and order

---

[2] Respondents specify that they do not consent to issuance of the writ.  Docket No. 14 at 4.

4

respondents to provide petitioner a bond hearing[3] within seven days of the date of this order.[4]

The Court declines to provide the additional relief requested by petitioner. *See* Docket No. 1 at 17. Petitioner's request to "enjoin his transfer outside of this judicial district pending this litigation" is moot. *See id.* Petitioner's request that the Court "enjoin Respondents from holding Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2) and denying him a bond hearing on that basis" is addressed by the Court's order that petitioner be provided a bond hearing pursuant to 8 U.S.C. § 1226. *See id.* The Court will not "enjoin Respondents from re-arresting Petitioner subject to § 1225(b)(2)" because "[t]he habeas statute, 28 U.S.C. § 2241, grants federal courts the power to enforce the right of personal liberty by granting release or order of bond hearing, but does not create other injunctive powers in the federal courts." *See Rios* v. *Noem*, 2025 WL 3141207, at *4 (S.D. Cal. Nov. 10, 2025) (citing *Fay v. Noia*, 372 U.S.

---

[3] Rather than order petitioner's release, as petitioner requests, *see* Docket No. 1 at 17, the Court will order respondents to provide petitioner a bond hearing within seven days of the date of this order as an immigration judge is better suited to make a bond determination. *See Loa Caballero v. Baltazar,* No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025) ("The Court finds that an immigration judge is better suited to consider whether Petitioner poses a flight risk and a danger to the community in this instance, where there is an insufficient record before this Court."). Because the immigration judge has yet to hold a bond hearing, petitioner's request that the Court "order Respondents to release Petitioner forthwith, upon payment of the bond as ordered by the Immigration Judge" is premature. *See* Docket No. 1 at 17.

[4] Because the Court will grant the habeas petition on the basis of Claim One, it will not reach Claim Two, petitioner's due process claim. *See Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025) ("the Court declines to adjudicate Petitioner's due process claim on the merits at this time because the Court grants the relief Petitioner seeks based on the applicability of § 1226(a)").

391, 430-31 (1963)). The Court will not award petitioner his costs because he fails to comply with D.C.COLO.LCivR 54.1. See Docket No. 1 at 17.

### III. CONCLUSION

Therefore, it is

**ORDERED** petitioner Binor Goytom Adem's Petition for Writ of Habeas Corpus [Docket No. 1] is **GRANTED**. It is further

**ORDERED** that respondents shall provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven days** of the date of this Court's order. It is further

**ORDERED** that within **five days** of petitioner's bond hearing, the parties shall file a status report indicating whether the bond hearing was held and whether bond was granted or denied.

DATED February 27, 2026.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge